UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | NO. 1:05-CV-00196 |
| CONTENTS OF NATIONWIDE LIFE | : | |
| INSURANCE ANNUITY ACCOUNT | : | |
| No. 0961 IN THE NAME OF | : | |
| STEVE E. WARSHAK, et al. | : | |
| | : | |

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | NO. 1:06-CV-00185 |
| | : | |
| CONTENTS OF SMITH BARNEY | : | |
| CITIGROUP ACCOUNT NO. 3419 | : | |
| IN THE NAME OF HARRIET | : | **OPINION AND ORDER** |
| WARSHAK, et al. | : | |
| | : | |

This matter is before the Court on the Motion for Stay of
Proceedings of Claimant Carrie Warshak individually and on behalf
of her minor children (doc. 237) in Case No. 1:05-CV-00196, and the
government's Response in Opposition (doc. 238). Also before the
Court are the essentially identical motions in Case No. 1:06-CV-
00185 by Claimant John Hall, individually and as Managing Member
for Hallmark Homes (docs. 95, 96), Claimant James Doyle (doc. 97),
Claimant Cynthia Hall (doc. 98), and the government's Response in
Opposition (doc. 99). For the reasons indicated herein, the Court
DENIES Claimants' respective motions for stay of proceedings.

The government brought these two civil forfeiture cases prior to seeking an indictment and prosecuting the Defendants in Case No. 1:06-CV-00111, <u>United States v. Warshak, et al.</u>  The criminal matter is currently on appeal.  The financial assets in question in the first civil case, No. 05-CV-00196, with the exception of one checking account, were all found by the jury in the criminal case to be subject to forfeiture.  At the time of sentencing, the Court ordered these assets, among others, forfeited, thus extinguishing all property rights of Defendants Steven Warshak, Harriet Warshak, Paul Kellogg, TCI Media, Inc., and Berkeley Premium Nutraceuticals, Inc.  The assets in the second civil case, No. 06-CV-00185, include two trucks, a boat, and two houses, none of which the jury considered in the criminal action. Both of these civil matters are on a consolidated calendar such that discovery should be completed by January 1, 2009, and a five-day jury trial should take place on April 7, 2009.

Claimants request the Court stay the proceedings of these two civil forfeiture cases because 1) the convictions and orders of forfeiture in the parallel criminal case, <u>United States v. Warshak, et al.</u>, No. 1:06-CV-00111, are on appeal, 2) continuation of the forfeiture proceeding will "burden the right of the claimant against self-incrimination in the related case," and 3) a stay will not adversely impact the government or claimants (docs. 237, 95, 96, 97, 98).  The government responds that Claimants have failed to

meet any of the statutory requirements for a stay under 18 U.S.C. § 981(g)(2) in that none of them are subjects of a related investigation or case, they have not demonstrated standing, nor will their rights against self-incrimination be burdened by continuation of the forfeiture proceedings (docs. 238, 99). In addition, the government indicates the Claimants have failed to comply with the deadline to serve discovery responses, by August 28, 2008, and moves the Court to order Claimants to serve discovery forthwith or face dismissal of their claims and answers (<u>Id</u>.).

The government is correct that 18 U.S.C. § 982(g)(2) provides the legal standard for granting a claimant's motion for a stay of a civil forfeiture proceeding. The section provides that the Court shall stay a proceeding if it determines that 1) the claimant is subject of a related criminal investigation or case, 2) the claimant has standing to assert a claim in the civil forfeiture proceeding, and 3) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case. 18 U.S.C. § 982(g)(2). Claimants' instant motions provide no basis for the Court to make the determination that they meet any of the requirements of Section 982. None of the moving Claimants are subject of any criminal investigation nor were they Defendants in the related criminal matter. They appear to argue that continuation of these forfeiture proceedings will prejudice Steven Warshak in the related criminal

case, yet Steven Warshak is not a movant here. The determination of any third-party rights to the property is unaffected by the pendency of the criminal appeal. Moreover, there are non-moving claimants and the government who could potentially be prejudiced by further delay, as the forfeitures involve houses, vehicles, and a boat, all of which are requiring upkeep or which are depreciating. The Court finds it in the interests of justice for these matters to proceed on schedule. The Court further finds the government's motion for discovery well-taken.

Accordingly, the Court DENIES the Motion for Stay of Proceedings of Claimant Carrie Warshak individually and on behalf of her minor children (doc. 237) in Case No. 1:05-CV-00196, and the same Motions in Case No. 1:06-CV-00185 by Claimant John Hall, individually and as Managing Member for Hallmark Homes (docs. 95, 96), Claimant James Doyle (doc. 97), and Claimant Cynthia Hall (doc. 98). The Court further ORDERS Claimants to provide the government with discovery responses forthwith.

SO ORDERED.

Dated: October 30. 2008   /s/ S. Arthur Spiegel
                          S. Arthur Spiegel
                          United States Senior District Judge