```
                         UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF OHIO
                              WESTERN DIVISION
```

|                                    |   |                    |
|------------------------------------|---|--------------------|
| UNITED STATES OF AMERICA,          | : |                    |
|                                    | : |                    |
| v.                                 | : |                    |
|                                    | : | NO. 1:05-CV-00196  |
| CONTENTS OF NATIONWIDE LIFE        | : |                    |
| INSURANCE ANNUITY ACCOUNT          | : |                    |
| No. 0961 IN THE NAME OF            | : |                    |
| STEVE E. WARSHAK, et al.           | : |                    |
|                                    | : |                    |

|                                    |   |                    |
|------------------------------------|---|--------------------|
| UNITED STATES OF AMERICA,          | : |                    |
|                                    | : |                    |
| v.                                 | : | NO. 1:06-CV-00185  |
|                                    | : |                    |
| CONTENTS OF SMITH BARNEY           | : |                    |
| CITIGROUP ACCOUNT NO. 3419         | : |                    |
| IN THE NAME OF HARRIET             | : | **OPINION AND ORDER** |
| WARSHAK, et al.                    | : |                    |
|                                    | : |                    |

This matter is before the Court on Claimants Steve and Harriet Warshaks' Motion to Stay Proceedings Pending the Outcome of Their Related Criminal Appeals (doc. 239) in Case No. 1:05-CV-00196, the government's Response in Opposition (doc. 240), and the Claimants' Reply (doc. 241). Also before the Court is the essentially identical motion in Case No. 1:06-CV-00185 (doc. 100), the government's Response (doc. 101), and the Claimants' Reply (doc. 102). For the reasons indicated herein, the Court DENIES Claimants' Motion to Stay.

The government brought these two civil forfeiture cases prior to seeking an indictment and prosecuting the Defendants in Case No. 1:06-CV-00111, <u>United States v. Warshak, et al.</u> The criminal matter is currently on appeal. The financial assets in question in the first civil case, No. 05-CV-00196, with the exception of one checking account, were all found by the jury in the criminal case to be subject to forfeiture. At the time of sentencing, the Court ordered these assets, among others, forfeited, thus extinguishing all property rights of Defendants Steven Warshak, Harriet Warshak, Paul Kellogg, TCI Media, Inc., and Berkeley Premium Nutraceuticals, Inc. The assets in the second civil case, No. 06-CV-00185, include two trucks, a boat, and two houses, none of which the jury considered in the criminal action. Both of these civil matters are on a consolidated calendar such that discovery should be completed by January 1, 2009, and a five-day jury trial should take place on April 7, 2009.

Claimants request the Court stay the proceedings of these two civil forfeiture cases because the convictions in the criminal case are currently on appeal, because they assert the assets at issue are the same assets at issue in the criminal forfeiture proceeding, and finally, because they argue allowing these civil matters to continue would burden their right against self-incrimination (docs. 239, 100). The government responds that Claimants lack standing because the forfeiture order in the

2

criminal case extinguished all property rights of the Claimants to the assets at issue here (docs. 240, 101).

Having reviewed this matter, the Court disagrees with both the government and the Claimants that the assets at question in these civil cases are exactly the same assets that the jury found forfeitable in the criminal matter. Surely, to the extent that the assets in Case No. 1:05-CV-00196 are co-extensive with assets in the criminal case, by Order of the Court, the Warshaks have lost all property claims to such assets. However, Defendant Six in Case No. 1:05-CV-00196 was not part of the Court's forfeiture order, and it appears that only one of the assets in Case No. 1:06-CV-00185 was forfeited as a part of the criminal case. Accordingly, the Court is not of the mind to accept the argument that the Warshaks lack standing as to the assets in these civil cases that were not at issue in the criminal case. As of yet there has been no order of forfeiture as to these non-overlapping assets.

18 U.S.C. § 981(g)(2) provides the legal standard for granting a claimant's motion for a stay of a civil forfeiture proceeding. The section provides that the Court shall stay a proceeding if it determines that 1) the claimant is subject of a related criminal investigation or case, 2) the claimant has standing to assert a claim in the civil forfeiture proceeding, and 3) continuation of the forfeiture proceeding will burden the right

of the claimant against self-incrimination in the related investigation or case. 18 U.S.C. § 981(g)(2). The statute defines a "related criminal investigation or case" as an "actual prosecution or investigation in progress at the time at which the request for the stay. . .is made." Title 18 U.S.C. § 981(g)(4). In the related criminal case, the investigation and prosecution are over. The government proffered its evidence and won guilty verdicts. Although Steven and Harriet Warshak are appealing their convictions, the Court is not convinced that such appeals amount to "an actual prosecution or investigation currently in progress," within the meaning of Section 981. Moreover, the Court does not see how the continuation of the forfeiture proceedings will burden the right of the claimants against self-incrimination, as the Court understands that Harriet Warshak has already invoked her Fifth Amendment right to remain silent. To the extent that either Claimant seeks to assert their property rights to any of the assets in question, the Court believes they can establish they were either a bona fide purchaser for value or have a priority-of-ownership before the property rights vested in the government, without being forced to incriminate themselves.

These considerations aside, the Court further finds as a matter of equity that a stay of these matters is not in the interests of the other claimants in this matter. The determination of any third-party rights to the property is unaffected by the

4

pendency of the criminal appeal.  Moreover, the interests of justice militate against further delay, as the forfeitures involve houses, vehicles, and a boat, all of which are requiring upkeep or which are depreciating.  The Court finds it appropriate, therefore, for these matters to proceed on schedule.

Accordingly, the Court DENIES Claimants Steve and Harriet Warshaks' Motion to Stay Proceedings Pending the Outcome of Their Related Criminal Appeals (doc. 239) in Case No. 1:05-CV-00196, and DENIES their identical motion in Case No. 1:06-CV-00185 (doc. 100).

SO ORDERED.

Dated: November 3, 2008  /s/ S. Arthur Spiegel
                         S. Arthur Spiegel
                         United States Senior District Judge