```
                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | NO. 1:06-CV-00185 |
| v. | : | **OPINION AND ORDER** |
| CONTENTS OF SMITH BARNEY CITIGROUP ACCOUNT NO. 3419 IN THE NAME OF HARRIET WARSHAK, et al. | : | |

This matter is before the Court on the government's Motion for Summary Judgment (doc. 111), the government's Table of Contents and Authorities (doc. 112), Claimant Steven Warshak's Response in Opposition (doc. 114), Claimant Harriet Warshak's Response in Opposition (doc. 115), Claimant James Doyle's Response in Opposition (doc. 116), and the government's Reply (doc. 118). For the reasons indicated herein, the Court GRANTS the government's motion.

**I.   BACKGROUND**

The Court lifted the stay in this matter, (doc. 76), subsequent to the completion of the related criminal trial, and subsequent to the jury's findings that many of the criminal Defendants' assets were linked to the criminal activity of which they were found guilty, and/or the assets were involved in or traceable to money laundering activity. United States v. Warshak, et al., No. 1:06-CR-00111. The following Defendants in this case

were among those assets: (Defendant 1) Contents of Smith Barney Citigroup Account Number 3419, (Defendant 5) Contents of Fifth Third Bank Account No. 7094, (Defendant 6) Proceeds from the Sale of Real Property Known and Numbered as 8153 Darlene Terrace, Middletown, Ohio 45044, and (Defendant 12) Contents of Fifth Third Bank Account No. 6494.

The remaining assets in this case are as follows: (Defendant 2) Contents of Smith-Barney Account No. 3012 in the name of James Doyle, (Defendant 3) Contents of Smith-Barney Account No. 0515 in the names of Cynthia Hall and John Hall, (Defendant 4) Contents of Smith Barney-Citigroup Account No. 8517 in the name of Cindy Hall, (Defendant 7), A 2005 Ford F250 Lariat XL, VIN IFTSX21P05EA06774, with all attachments thereon, titled in the name of Hallmark Homes, (Defendant 8), a 2005 Ford Explorer Sport Trac, VIN 1FMDU77K35UB82259, with all attachments thereon, titled in the name of Cynthia Hall, (Defendant 9) a 2004 Rinker 262CC 6.2 MX B3 boat, Hull Identification Number RNK75763B404, with a 2004 Trailmaster T2770BBR trailer, Serial Number 45JB1GZ2341000398, with all attachments thereon, (Defendant 10) Real Property known and numbered as 10392 Cory Drive, Alexandria, Kentucky 41001, with all appurtenances, improvements and attachments thereon, and (Defendant 11), Real Property known and numbered as 10416 Cory Drive, Alexandria, Kentucky 41001, will all appurtenances, improvements and attachments thereon. There is no dispute that these remaining

assets are all related to sums of money traceable to funds for which the jury found Steven Warshak guilty of money laundering. Defendant 2 is traceable to a one-million dollar check Steven Warshak wrote to James Doyle, a financial transaction that served as a basis for Warshak's conviction on Count 79 of the Indictment. Similarly, Defendants 3, 4, 8, and 9 are traceable to a one-million dollar check Warshak wrote his sister, Cindy Hall, a transaction that served as a basis for Warshak's conviction on Count 78 of the Indictment. Finally, Defendant 7, 10, and 11 were purchased with funds from Defendant 5, an account found directly forfeitable, as referenced above.

In its motion, the government argues that all of the assets in this matter are forfeitable, and that Steven Warshak, Harriet Warshak, and Berkeley Premium Nutraceuticals ("BPN"), are all collaterally estopped by the judgment in the criminal case from contesting this forfeiture action (doc. 111). In the alternative, the government argues the Warshaks and BPN cannot establish they are innocent owners (Id.). The government further contends that James Doyle cannot establish he is a "bona fide purchaser or seller for value" under 18 U.S.C. § 983(d)(3), and therefore he has no valid claim to Defendant 2 (Id.). Finally, the government argues the Class Action Claimants David Parker, Jeff Smith, Teresa Biggers and Daniel Ripple cannot establish they are the beneficiaries of a constructive trust, and therefore lack standing to contest this

forfeiture action (Id.). Claimants Steven Warshak, Harriet Warshak, and James Doyle responded to the government's motion, such that this matter is now ripe for the Court's consideration.

**II. ANALYSIS**

**A. The Summary Judgment Standard**

Although a grant of summary judgment is not a substitute for trial, it is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; see also, e.g., Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464 (1962); LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir. 1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction and Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir. 1992) (per curiam). In reviewing the instant motion, "this Court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Fatton v. Bearden, 8 F.3d. 343, 346 (6th Cir. 1993), quoting in part Anderson v. Liberty Lobby, Inc., 477 U.S. 242 251-252 (1986) (internal quotation marks omitted).

The process of moving for and evaluating a motion for summary judgment and the respective burdens it imposes upon the

4

movant and non-movant are well settled. First, "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact [.]" Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also LaPointe, 8 F.3d at 378; Garino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1982); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The movant may do so by merely identifying that the non-moving party lacks evidence to support an essential element of its case. See Barnhart v. Pickrel, Shaeffer & Ebeling Co. L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993).

Faced with such a motion, the non-movant, after completion of sufficient discovery, must submit evidence in support of any material element of a claim or defense at issue in the motion on which it would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex, 477 U.S. at 317; Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). As the "requirement [of the Rule] is that there be no genuine issue of material fact," an "alleged factual dispute between the parties" as to some ancillary matter "will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-248 (emphasis added); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879

F.2d 1304, 1310 (6th Cir. 1989). Furthermore, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 252; see also Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir. 1994). Accordingly, the non-movant must present "significant probative evidence" demonstrating that "there is [more than] some metaphysical doubt as to the material facts" to survive summary judgment and proceed to trial on the merits. Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339-340 (6th Cir. 1993); see also Celotex, 477 U.S. at 324; Guarino, 980 F.2d at 405.

Although the non-movant need not cite specific page numbers of the record in support of its claims or defenses, "the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies." Guarino, 980 F.2d at 405, quoting Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989) (internal quotation marks omitted). In contrast, mere conclusory allegations are patently insufficient to defeat a motion for summary judgment. See McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir. 1990). The Court must view all submitted evidence, facts, and reasonable inferences in a light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Adickes v. S.H.

6

Kress & Co., 398 U.S. 144 (1970); United States v. Diebold, Inc., 369 U.S. 654 (1962). Furthermore, the district court may not weigh evidence or assess the credibility of witnesses in deciding the motion. See Adams v. Metiva, 31 F.3d 375, 378 (6th Cir. 1994).

Ultimately, the movant bears the burden of demonstrating that no material facts are in dispute. See Matsushita, 475 U.S. at 587. The fact that the non-moving party fails to respond to the motion does not lessen the burden on either the moving party or the Court to demonstrate that summary judgment is appropriate. See Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-455 (6th Cir. 1991).

**B.  The Parties' Arguments**

The gravamen of the government's motion is that the final order in the criminal case collaterally estops the Claimants from contesting this civil forfeiture action (doc. 111). Claimants Steven Warshak and Harriet Warshak respond that collateral estoppel is premature because of the pendency of the appeal of the criminal convictions and forfeiture (doc. 114). As such, Claimants request the Court deny summary judgment to the government or in the alternative, reserve ruling on the motion until after the result of the appeal (Id.).

Claimants further argue that an Order granting summary judgment would obviate their affirmative defenses of 1) a one-year statute of limitations in 18 U.S.C. § 984, 2) proportionality, and

7

3) a delay in providing a due process hearing (doc. 114). The government replies that the Court has already rejected each of these arguments, that the government did not bring this action pursuant to Section 984, and in any event, Section 984(d) states it should not be construed to limit the ability of the United States to forfeit property under any provision of law (doc. 118).

Having reviewed this matter, the Court finds no dispute as to the fact that the assets in this civil forfeiture matter are the same assets, or are derived from the same assets, listed in the criminal case. The jury's verdict established that these assets were the proceeds of criminal activity and/or were involved in or traceable to money laundering activity. The issue of forfeitability in this civil case is identical to that already litigated in the criminal matter. The criminal verdict thus collaterally estops further litigation as to these assets. United States v. Beaty, 245 F.3d 617, 624 (6th Cir. 2001). It is of no consequence that the criminal case is presently pending appeal. Erebia v. Chrysler Plastic Products Corporation, 891 F.2d 1212, 1215 n.1 (6th Cir. 1989)(a final judgment retains all of its preclusive effect pending appeal) citing SSHI Equipment S.A. v. United States Internat'l Trade Comm'n, 718 F.2d 365, 370 (Fed. Cir. 1983)(citing Deposit Bank v. Frankfort, 191 U.S. 499 (1903) for the "well-settled" proposition that the pendency of an appeal has no affect on the binding effect of a trial court's holding)).

Accordingly, the Warshaks are collaterally estopped from contesting this action. The Court finds the balance of Defendants' arguments concerning affirmative defenses wholly lacking in merit. As such, it is appropriate for the Court to address next the only other Claimant to file a Response to the government's motion, James Doyle ("Doyle").

Doyle's Response is premised on the simple theory that he earned the million dollar check Steven Warshak gave him in September 2004, he thus qualifies as a bona fide seller for value under 18 U.S.C. § 983(d)(3), and he should be allowed to retain the money (doc. 116). The government replies that Doyle failed to establish that his services, which involved shipping and packing orders for Berkeley, amounted to equivalent value to the million dollar check (doc. 111, citing One 1996 Vector M12, 442 F. Supp. 2d 482, 486 (S.D. Ohio, 2005)(a Claimant must show he gave something of "equivalent value" for the forfeitable property in order to withstand summary judgment)). In the government's view, Doyle merely speculates about the time and work he performed, and in any event, tax records show that Steven Warshak generously compensated Doyle before giving him the million dollar check (Id.). Finally, the government notes that Steven Warshak treated Doyle like family members to whom he had given million dollar gifts (Id.). The government contends therefore the Court should reject Doyle's innocent owner defense because he is merely a gratuitous transferee

9

who gave little or no value for the million dollar check (Id.).

The Court finds well-taken the government's position that Doyle has not established that he gave something of equivalent value so as to earn the million dollar check Steven Warshak gave him. The facts show that Doyle worked for Steven Warshak and was compensated for such work, before Warshak gave him the check. There is no evidence that other employees earned equivalent value for the services of shipping and packing, or that industry practice places such value on such services. The Court finds Doyle does not establish he was a bona fide purchaser or seller for value under 18 U.S.C. § 983(d)(3), and therefore his claimed ownership interest in Defendant 2 fails.

As a final matter, the Court notes that although the government addressed its motion to the Class Action Claimants, such Claimants failed to respond. As the Court has expressed previously, the Class Action Claimants have the legal remedy to seek redress with a Petition for Remission with the Attorney General, which the Court understands they are doing. As such, the Court finds no basis for the imposition of a constructive trust on these forfeited assets. United States v. Ribadeneira, 105 F.3d 833, 837 n. 5 (2d Cir. 1997)(a legal remedy obviates the need for application of the equitable remedy of a constructive trust).

### III. CONCLUSION

The Court finds Claimants Steven and Harriet Warshak

10

collaterally estopped from contesting this civil forfeiture action by virtue of the outcome in the related criminal case, No. 1:06-CR-00111. The Court further finds that James Doyle has failed to establish a valid ownership interest in Defendant 2, and that the Class Action Claimants, who did not respond to the government's motion, have legal remedies which foreclose their ability to assert claims in this action.

Accordingly, the Court GRANTS the government's Motion for Summary Judgment (doc. 111) as to each of the Defendants and against each of the claimed interests, and FINDS that Defendants 1 through 12:

> the Contents of Smith Barney-CitiGroup account number XXXXXX34-19 in the name of Harriet Warshak TOD Steven Edward Warshak (Defendant 1); the Contents of Smith Barney-CitiGroup account number XXXXXX30-12 in the name of James J. Doyle (Defendant 2); the Contents of Smith Barney-CitiGroup account number XXXXXX05-15 in the names of Cynthia Hall and John Hall JTWROS (Defendant 3); the Contents of Smith Barney-CitiGroup account number XXXXXX85-17 in the name of Cindy Hall CGM SAR-SEP IRA Custodian (Defendant 4); the Contents of Fifth Third Bank account number XXXXXX7094 in the name of Hallmark Homes LLC (Defendant 5);the Proceeds from the sale of real property known and numbered as 8153 Darlene Terrace, Middletown, Ohio 45044 (Defendant 6); A 2005 Ford F250 Lariat XL, VIN 1FTSX21P05EA06774, with all attachments thereon, titled in the name of Hallmark Homes LLC (Defendant 7); A 2005 Ford Explorer Sport Trac, VIN 1FMDU77K35UB82259, with all attachments thereon, titled in the name of Cynthia Hall (Defendant 8); A 2004 Rinker 262CC 6.2 MX B3 boat, Hull Identification Number RNK75763B404, with a 2004 Trailmaster T2770BBR trailer, Serial Number 45JB1GZ2341000398, and all attachments thereon (Defendant 9); Real Property known and numbered as

      10392 Cory Drive, Alexandria, Kentucky 41001, with all appurtenances, improvements and attachments thereon (Defendant 10), Real Property known and numbered as 10416 Cory Drive, Alexandria, Kentucky 41001, with all appurtenances, improvements and attachments thereon; (Defendant 11); and the Contents of Fifth Third Bank account number XXXXX494 in the name of Knothead Clothing Company (Defendant 12);

are hereby FORFEITED pursuant to 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 981(a)(1)(c), for having been involved in financial transactions in violation of 18 U.S.C. § 1956(a)(1)(A)(I), §1956(a)(1)(B)(I), and § 1957 using the proceeds of specified unlawful activity, that is one or more violations of 18 U.S.C. § 1341 and 1343 and/or under 18 U.S.C. § 981(a)(1)(C) because the property constitutes or is derived from proceeds traceable to violations of 18 U.S.C. 1341 (mail fraud), and § 1343 (wire fraud). The Court DISMISSES this case from the Court's docket.

      SO ORDERED.

Dated: April 8, 2009        <u>/s/ S. Arthur Spiegel</u>
                                       S. Arthur Spiegel
                                       United States Senior District Judge